(C.D. 2884)

F. T. GRISWOLD MFG. CO. ET AL. *v*. UNITED STATES

United States Customs Court, Second Division

(Decided February 6, 1967)

*Tompkins & Tompkins* for the plaintiffs.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The merchandise covered by the protests listed in schedule A, annexed to this decision and made a part hereof, consists of carburetors or metal parts thereof, which were assessed with duty at the rates of 12½ or 10½ per centum ad valorem, as parts of automobiles, pursuant to the provisions of paragraph 369(c) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, or as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, depending on the date of importation.

It is claimed in said protests that said merchandise is more specifically provided for in paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as parts of internal-combustion engines of the carburetor type, dutiable at the rate of 8¾ per centum ad valorem.

These protests have been submitted for decision upon a written stipulation of counsel for the respective parties which reads as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiffs and the Assistant Attorney General for the United States, Defendant, that the items marked "A" and initialed ESF Jr. by Examiner E. S. Franks Jr. on the invoices accompanying the entries covered by the protests listed in the Schedule A below, which Schedule A is made a part of this stipulation, which were assessed with duty at 10½% or 12½% ad valorem under Paragraph 369(c) Tariff Act of 1930, as modified, the rate depending upon the date the merchandise was entered for consumption, T.D. 51802 or T.D. 54108, consist of carburetors not dedicated to use in automobiles in chief value

of metal or metal parts thereof dedicated for use therewith, of the same kind in all material respects as the merchandise that was the subject of decision in the cases [sic] of *Davies, Turner & Co.* v. *United States*, 41 Cust. Ct. 306, Abstract 62130, and therein held classifiable with duty at 8¾% ad valorem under Paragraph 353 of said Act as modified, T.D. 52739.

It is further stipulated and agreed that the record in the cases [sic] of *Davies, Turner & Co.* v. *United States*, Abstract 62130, be incorporated in the record in these cases [sic], and that the protests be submitted on this stipulation.

The record in said case has been incorporated into the instant record.

Upon the agreed facts and the cited authority, we hold the merchandise here in question, identified by invoice items marked and initialed as aforesaid, to be dutiable at the rate of 8¾ per centum ad valorem as parts of internal-combustion engines of the carburetor type within the provisions of paragraph 353 of the Tariff Act of 1930, as modified by said Torquay protocol. The claim in the protests to that effect is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.